UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| $32,950.00 UNITED STATES CURRENCY, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by and through its United States Attorney for the Southern District of Texas, Plaintiff in the above entitled and numbered cause, files this civil action for forfeiture in rem against $32,950.00 United States currency. In support of this forfeiture action, the United States alleges on information and belief the following:

### STATUTORY BASIS FOR FORFEITURE

### 31 U.S.C. §§ 5317 and 5332(c)

1.      The Defendant Currency was attempted to be transported from a place inside the United States to a place outside the United States for which a report is required by 31 U.S.C. § 5316. Because the required report was not filed, Defendant Currency is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317.

2.      Furthermore, the Defendant Currency was involved in the commission of the offense of bulk cash smuggling, a violation of 31 U.S.C. § 5332 and is, therefore, subject to forfeiture pursuant to 31 U.S.C. § 5332(c).

### JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

1

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395. The Defendant Currency was seized at the Lincoln Juarez Bridge in Laredo, Texas, by Customs and Border Protection officers.

5.      The Defendant Currency remains in the custody and control of the Department of Homeland Security United States Customs and Border Protection Office of Fines Penalties and Forfeiture in the Southern District of Texas.

<div align="center">

**FACTUAL BASIS IN SUPPORT OF FORFEITURE**

</div>

6.      On March 19, 2025, Felecia Elaine Martinez ("Martinez"), a United States citizen, was attempting to travel outbound to Mexico from the United States via the Juarez-Lincoln International Bridge in Laredo, Texas. She was driving a silver 2015 Jeep Cherokee.

7.      The vehicle was chosen for inspection by Customs and Border Protection (CBP) officers. Laredo Police Department Officer Ricardo Hernandez, who was assisting CBP officers with outbound inspections, asked Martinez for her driver's license. Martinez provided a fictitious Mexican driver's license from Cocula, Guerrero, Mexico which displayed her photo, the name of Arely Ochoa Arroyo, and a date of birth. Officer Hernandez then handed the driver's license to Supervisory Customs and Border Protection Officer (SCBPO) Carlos Gonzalez, who referred the vehicle to a secondary location to further interview Martinez.

8.      SCBPO Gonzalez continued the outbound inspection of Martinez at the secondary location. Martinez claimed to be a Mexican citizen without proper documentation to be legally present in the United States. Martinez stated that she was traveling from Tulsa, Oklahoma to Guanajuato, Mexico. During the inspection, Martinez gave a negative declaration to CBP Officer Gonzalez for the outbound transportation of weapons, ammunition, and currency over $10,000.00. Martinez stated she was in possession of and transporting $4,000.00 which she had in a fanny

<div align="center">

2

</div>

pack. Canine Enforcement Officer (CEO) Kalel McGinnis and his service canine, Dasty, conducted a search of the vehicle. Dasty is a trained currency and firearms detection canine. During the vehicle inspection, Dasty alerted positively to a trained odor on a backpack in the vehicle.

9.     Martinez's luggage, including the backpack, was unloaded and inspected by CBPO Gerardo Guerrero using an x-ray machine (Rapiscan) which revealed anomalies in the backpack. CBP Officer Walter Cintron conducted a physical inspection of the backpack and found undeclared currency within. Most of the currency was bundled with bank bands displaying "$1,000" and "$2,000" amounts.

10.     While she was detained and interviewed by CBP officers, Martinez was fingerprinted, and her identity learned. Her true and correct name is Felecia Elaine Martinez, a United States citizen, with a different date of birth than that of Arely Ochoa Arroyo. The results also showed that Martinez has a criminal history, including a pending federal drug trafficking charge.

11.     Homeland Security Investigations Special Agents Rene Montiel and Zeid Al-Ameedi traveled to the Lincoln Juarez International Bridge to investigate the bulk cash smuggling attempt and arrested Martinez. During a post-arrest *Mirandized* interview with HSI Special Agents Rene Montiel and Zeid Al-Ameedi and CBPO Carrillo, Martinez stated that the undeclared currency was from a retirement account she had "cashed out" from a previous employment where she had accumulated a little over $60,000.00.  Martinez claimed that the undeclared currency found in the backpack is the remaining funds from her retirement account.

12.     Martinez told HSI SAs that she was traveling into Mexico to avoid federal drug charges pending against her in Oklahoma. She acquired the Mexican ID in preparation for the trip into Mexico where she planned on staying with her husband's family. Martinez claimed to have

3

traveled into Mexico yearly and was familiar with the reporting requirement for transporting currency into Mexico. She admitted that she knew she had more than $10,000 in her backpack and did not declare it when she was asked by CBP officers.

13.     The total amount of currency seized from Felecia Elaine Martinez was $32,950.00.

## CONCLUSION

14.     Based on the foregoing facts, there is probable cause to believe that Defendant Currency is subject to forfeiture under 31 U.S.C. § 5332(c). Martinez concealed the Defendant Currency within her backpack knowing that it should have been declared to Customs and Border Protection officers and then attempted to transport the currency from the United States into Mexico without declaring that she was taking more than $10,000 out of the United States.

## NOTICE TO ANY POTENTIAL CLAIMANTS

15.     YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Currency which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

16.     An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 1300 Victoria St., Laredo, TX 78040, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 11204 McPherson Road, Suite 100A, Laredo, Texas, 78045.

**PRAYER**

WHEREFORE, the United States of America prays that judgment of forfeiture be entered against the Defendant Currency in favor of the United States of America and for such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney

By:    */s/ Mary Ellen Smyth*
Mary Ellen Smyth
Assistant United States Attorney
State Bar No. 18779100
SDTX Adm. No. 31348
United States Attorney's Office
11204 McPherson Rd., Suite 100A
Laredo, Texas 78045
Telephone: 956-721-4964
Mary.Ellen.Smyth@usdoj.gov

## VERIFICATION

I, Rene Montiel, Special Agent with the United States Department of Homeland Security Homeland Security and Investigations, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in Paragraphs 6 through 13 in the foregoing Complaint for Forfeiture in Rem are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the 11 day of June 2025.

René Montiel

Rene Montiel, Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations