United States District Court
Southern District of Texas
**ENTERED**
July 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | |
| | § | Civil Case No. 5:25-CV-00091 |
| $32,950.00 UNITED STATES CURRENCY | § | |
| | § | |

# REPORT AND RECOMMENDATION

The Government's Motion for Default Judgment and Entry of Final Order of Forfeiture, Dkt. No. 11, was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). Dkt. No. 12. For the following reasons, the undersigned respectfully **RECOMMENDS** that the Government's Motion for Default Judgment and Entry of Final Order of Forfeiture, Dkt. No. 11, be **GRANTED**.

## *Background*

Defendant Currency was seized from Felecia Elaine Martinez when she was attempting to travel from the United States into Mexico via the Juarez-Lincoln International Bridge in Laredo, Texas. Dkt. No. 1 at ¶ 6. Her silver 2015 Jeep Cherokee was selected for outbound inspection by Customs and Border Protection (CBP). *Id.* When asked for her driver's license, she "provided a fictitious Mexican driver's license from Cocula, Guerrero, Mexico which displayed her photo, the name of Arely Ochoa Arroyo, and a date of birth. *Id.* at ¶ 7. Ms. Martinez was then referred for secondary inspection, during which she gave a negative declaration for currency over $10,000.00. *Id.* at ¶ 8. Instead, she stated that she had $4,000.00 in cash inside a fanny pack. *Id.* After a trained currency and firearms detection canine alerted to a backpack in the vehicle, CBP officers discovered undisclosed currency purportedly bundled in $1,000.00 and $2,000.00 amounts. *Id.* at

¶¶ 8–9. The total amount of currency seized from Ms. Martinez at the border was $32,950.00. *Id.* at ¶ 13.

CBP officers detained and interviewed Ms. Martinez, at which point she was fingerprinted. *Id.* at ¶ 10. Her fingerprints revealed that her true and correct name is Felecia Elaine Martinez, that she is a United States citizen, and that she had a criminal history that included pending federal drug trafficking charges.[1] *Id.* at ¶ 10. Homeland Security Investigations (HSI) Special Agents arrested Ms. Martinez for bulk cash smuggling. *Id.* at ¶ 11. In a *Mirandized* interview, Ms. Martinez informed HSI agents that the undeclared currency came from a retirement account from previous employment, and that she had "cashed out" the account in preparation for her trip to Mexico. *Id.* at ¶¶ 11–12. Ms. Martinez further stated that she was traveling to Mexico to avoid the federal drug trafficking charges pending against her in Oklahoma, that she acquired the false Mexican ID in preparation for her trip, and that she had intended to stay with her husband's family in Mexico. *Id.* at 12. She also "traveled into Mexico yearly and was familiar with the reporting requirement for transporting currency into Mexico," and "[s]he admitted that she knew she had more than $10,000 in her backpack and did not declare it when she was asked by CBP officers." *Id.*

The Government filed a Complaint for Forfeiture against Defendant Currency on June 11, 2025. Dkt. No. 1. A warrant for arrest in rem was issued for Defendant Currency on July 8, 2025, and it was executed on July 15, 2025. Dkt. Nos. 4–6. On August 18, 2025, the Government posted proof that notice of the forfeiture proceedings against Defendant Currency had been posted on the www.forfeiture.gov website for thirty consecutive days from June 14, 2025, through July 13, 2025.

[1] *See United States v. Martinez*, Case Nos. 4:25-CR-00234-SEH-1 and 4:24-CR-0078-SEH-6, Dkt. No. 480 (N.D. Okla. Nov. 24, 2025) (finding Ms. Martinez guilty of drug conspiracy, possession of methamphetamine with intent to distribute, maintaining a drug-involved premises, and attempted bulk cash smuggling pursuant to a plea agreement).

Dkt. No. 7. Additionally, on September 18, 2025, the Government filed proof of service of the Complaint on Ms. Martinez through her legal counsel, Cheryl Thigpen, by electronic mail. Dkt. No. 8. The filing indicated that Ms. Martinez's attorney read the message on June 23, 2025. *Id.* at 4. The Government requested Entry of Default on September 18, 2025, Dkt. No. 9, and the Clerk of Court entered default against potential claimants of Defendant Currency on December 15, 2025. Dkt. No. 10. Subsequently, the Government filed the instant Motion for Default Judgment and Entry of Final Order of Forfeiture on January 27, 2026. Dkt. No. 11.

***Legal Standards***

The Government must comply with all relevant procedural requirements in seeking default judgment in an asset forfeiture. *United States v. $11,409.02*, No. 4:21-CV-01349, 2021 WL 5177065 (S.D. Tex. Nov. 8, 2021). The procedural requirements are found in Federal Rule of Civil Procedure 55 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). In addition to procedural compliance, the Government's Complaint must establish a valid cause of action. *United States v. $19,840.00*, 552 F. Supp. 2d 632 (W.D. Tex. 2008). Default judgment must be appropriate under the *Lindsey* factors. *United States v. $11,409.02*, 2021 WL 5177065, at *2–3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). And, if default judgment is appropriate, the Court must determine "what form of relief, if any, the Government should receive," *United States v. $19,840*, 552 F. Supp. 2d at 635 (citing *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)), and confirm that the default judgment does not exceed nor differ from what is demanded in the complaint. Fed. R. Civ. P. 54(c).

*A. Procedural Requirements*

The Government has complied with the relevant procedural requirements found in Federal Rule of Civil Procedure 55 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). Rule 55 contains three steps for default judgments. When a defendant, or "claimant" in a forfeiture posture, fails to respond or otherwise defend against a lawsuit, they "default." Fed. R. Civ. P. 55(a). Once the plaintiff proves that failure through an affidavit or otherwise, the clerk of court enters the claimant's default, called "entry of default." *Id.* After default is entered, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b)(2).

In asset forfeiture cases, the Government must comply with the pleading and notice requirements of Rule G. *United States v. $62,200.00 in U.S. Currency*, Civ. No. H-21-3971, 2023 WL 2386884, at *1 (S.D. Tex. Mar. 6, 2023) (citing *In re Ramu Corp.*, 903 F.2d 312, 317 n.7 (5th Cir. 1990)). For pleadings, the Government's complaint must:

> (a) be verified;
> (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
> (c) describe the property with reasonable particularity;
> (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;
> (e) identify the statute under which the forfeiture action is brought; and
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. G(2).

Here, the factual basis of the Government's Complaint was verified by HSI Special Agent René Montiel, who affirmed that the facts in the complaint "are based upon [his] personal knowledge, upon information obtained from other law enforcement personnel, or upon information [he] obtained in the course of [the] investigation, and they are true and correct to the best of [his]

knowledge and belief." Dkt. No. 1 at 6. This verification satisfies Rule G(2)(a). The Government stated the basis for the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1335, proper venue due to the seizure at the Juarez-Lincoln International Bridge in Laredo, Texas, and in rem jurisdiction over Defendant Currency as it remains in the control of the Department of Homeland Security United States CBP Office of Fines, Penalties, and Forfeiture in the Southern District of Texas. *Id.* at ¶¶ 3–5. These statements satisfy Rule G(2)(b). The Complaint describes the property with particularity and states the location where the seizure occurred—namely, it specifies that Defendant Currency, in the amount of $32,950.00, was seized from Ms. Martinez at the Juarez-Lincoln International Bridge in Laredo, Texas. *Id.* at ¶¶ 7, 13. This information satisfies Rule G(2)(c)–(d). The Government further alleges that Defendant Currency is subject to forfeiture under 31 U.S.C. § 5332(c), satisfying Rule G(2)(e).

Finally, under Rule G(2)(f), the Government must state sufficiently detailed facts to support a reasonable belief that it would meet its burden at trial. The Government has met this burden here. Under 31 U.S.C. § 5316, the Government would have the burden to prove that Ms. Martinez knowingly transported or was about to transport monetary instruments of more than $10,000.00 at one time from a place in the United States to a place outside the United States. 31 U.S.C. § 5316(a)(1). "Monetary instruments" include United States currency. 31 U.S.C. § 5312(a)(3). The facts in the Complaint establish that Ms. Martinez was traveling from the United States into Mexico, that she was transporting United States currency in excess of $10,000.00, and that she "admitted that she knew she had more than $10,000 in her backpack and did not declare it when she was asked by CBP officers." Dkt. No. 1 at ¶ 12. Accordingly, the Government has stated sufficiently detailed facts to support a reasonable belief that it would meet its burden at trial.

Rule G also requires the Government to provide notice to potential claimants of seized currency of the forfeiture action in several ways. Within a reasonable time, the Government must publish notice of the forfeiture on the Government's forfeiture website, and the notice must appear for at least thirty consecutive days. Rule G(4)(a)(iii)(A), (4)(a)(iv)(C). The Government must also directly notify "any person who reasonably appears to be a potential claimant[.]" Rule G(4)(b)(i). Directly notified potential claimants must file a claim within thirty-five days of receiving notice. Rule G(4)(b)(ii). Other potential claimants must file their claims within sixty days of the first day the Government published notice on its website. Rule G(5)(a)(ii)(B).

In this case, the Government published notice of the forfeiture on www.forfeiture.gov for thirty consecutive days from June 14, 2025, through July 13, 2025, in compliance with Rule G(4)(a). Dkt. No. 7. Additionally, the Government notified the only known potential claimant, Ms. Martinez, by sending the Complaint to her attorney by electronic mail. Dkt. No. 8. The read receipt on the email indicates that the email was read on June 23, 2025, approximately six minutes after it was sent. *Id.* at 4. The undersigned finds that this discharged the Government's obligation to notify Ms. Martinez of the forfeiture proceedings because Rule G specifies that "[n]otice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."[2] Rule G(4)(b)(iii)(B). *See also United States v. $11,409.02 Seized from a Comerica Bank Account Ending in 2113*, Civil Action No. 4:21-cv-01349, 2021 WL 5177065, at *2 (S.D. Tex. Nov. 8, 2021) (finding that the Government had complied with the notice requirement under

---

[2] Here, the Government sent electronic notice to Cheryl Thigpen, who is Ms. Martinez's attorney of record in her corresponding criminal case. Dkt. No. 8; *see Martinez*, Case Nos. 4:24-CR-78-SEH-6, 4:25-CR-234-SEH, Dkt. No. 437 at 21 (N.D. Okla. Aug. 25, 2025).

Rule G(4)(b)(iii) where it sent notice of the complaint via email to a known potential claimant's counsel).

To respond or defend in a forfeiture action, a potential claimant must (1) file a claim for the property and (2) answer or file a Rule 12 motion. Rule G(5)(a)(i), G(5)(b). Despite adequate notice from the Government, *see* Dkt. Nos. 7–8, no claimant has completed either task to date.[3] The Government obtained entry of default on December 15, 2025. Dkt. Nos. 9–10. The Government has now properly moved for default judgment and entry of final order of forfeiture. Dkt. No. 11.

*B. Valid Cause of Action*

Beyond procedure, the Government must establish a valid cause of action, here a valid forfeiture. *United States v. $19,840*, 552 F. Supp. 2d at 635. The Government's bases for forfeiture are 31 U.S.C. § 5317(c)(2) and 31 U.S.C. § 5332(c), providing for the forfeiture of currency greater than $10,000.00 concealed with the intent to transport it across the United States border and evade the reporting requirement, in violation of 31 U.S.C. § 5316. Dkt. No. 1 at ¶¶ 1–2. Since the Government is claiming the property was used in a criminal offense or was involved in the commission of one, it must prove there was a substantial connection between Defendant Currency and the alleged offense. 18 U.S.C. § 983(c)(3). The Government's burden of proof is a preponderance of the evidence. § 983(c)(1). Additionally, when a claimant fails to respond, the Government's allegations are assumed to be true. *See Nishimatsu*, 515 F.2d at 1206.

Here, the connection between Defendant Currency and the alleged criminal violation is abundantly clear. Defendant Currency itself was the contraband in this case. When she was

[3] In fact, Ms. Martinez has waived her interest in Defendant Currency by accepting the forfeiture of Defendant Currency as part of her plea agreement in the corresponding criminal case. *Martinez*, Case Nos. 4:24-CR-78-SEH-6, 4:25-CR-234-SEH, Dkt. No. 437 at 7 (N.D. Okla. Aug. 25, 2025).

stopped for inspection traveling from the United States to Mexico, Ms. Martinez "gave a negative declaration to CBP Officer Gonzalez for the outbound transportation of weapons, ammunition, and currency over $10,000.00," stating only that she possessed $4,000.00 in a fanny pack. Dkt. No. 1 at ¶ 8. Ms. Martinez was referred for further inspection, and a currency and firearms detection canine alerted to a backpack in her vehicle. *Id.* In the backpack, CBP officers discovered bundles of cash labeled in $1,000.00 and $2,000.00 amounts. *Id.* at ¶ 9. CBP officers and HSI agents ultimately seized a total of $32,950.00 from Ms. Martinez during this encounter, an amount well in excess of the $10,000.00 threshold to trigger the reporting requirement. *Id.* at ¶ 13. Accordingly, the Government has established a valid cause of action in this case.

*C. The* Lindsey *Factors*

In addition to being procedurally proper and there being a valid cause of action, default judgment must be proper considering the *Lindsey* factors. *United States v. $11,409.02*, 2021 WL 5177065, at *2–3 (citing Lindsey, 161 F.3d at 893). The factors are:

> (1) whether material issues of fact are in dispute; (2) whether there has been substantial prejudice to the plaintiff; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part; (5) whether default judgment is inappropriately harsh under the circumstances; and (6) whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Id.* (cleaned up). None of the factors favor denying default judgment. Thus, default judgment is proper.

*D. Form of Relief*

Finally, the Government requests appropriate relief. *See United States v. $19,840*, 552 F. Supp. 2d at 635 (citing *Nishimatsu*, 515 F.2d at 1206). Given the facts alleged by the Government and the relevant law, forfeiture of Defendant Currency is appropriate. Additionally, the request to

forfeit $32,950.00 is the same relief as requested from the Complaint, Dkt. No. 1, satisfying Rule 54(c). Fed. R. Civ. P. 54(c).

***Conclusion***

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Government's Motion for Default Judgment and Entry of Final Order of Forfeiture, Dkt. No. 11, be **GRANTED**.

Signed this July 8, 2026, in Laredo, Texas.

Diana Song Quiroga
Diana Song Quiroga
United States Magistrate Judge

***Warnings***

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,*

474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).